UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | Case No. 17-cv-05137-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss the first amended complaint filed by Plaintiffs Michael Peterson and Toni Peterson. Dkt. No. 21 ("Mot."); *see* Dkt. No. 19 ("FAC"). Defendant moved to dismiss the FAC on October 6, 2017. *Id.* On October 20, 2017, Plaintiffs filed a response. Dkt. No. 23 ("Opp."). Defendant replied on October 27, 2017. Dkt. No. 24 ("Reply"). The Court took the motion under submission on December 13, 2017. Dkt. No. 33; *see* Civ. L.R. 7-1(b). After carefully considering the parties' arguments, the Court **GRANTS** the motion.[1]

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6)

---

[1] Part II of this order sets forth the factual background necessary for the Court's disposition.

motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## II. DISCUSSION

Defendant moves to dismiss Plaintiffs' claims for (1) wrongful foreclosure; (2) negligent review of application for loan modification; and (3) violation of Business & Professions Code § 17200.

### A. Claim 1: Wrongful Foreclosure

Defendant contends that Plaintiffs fail to state a claim for wrongful foreclosure under Cal. Civ. Code Sections 2923.4, 2923.6, and 2923.7. Mot. at 2. Cal. Civ. Code Section 2923.4 provides in relevant part:

> (a) The purpose of the act that added this section is to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure. Nothing in the act that added this section, however, shall be interpreted to require a particular result of that process.

Plaintiffs allege that Defendant violated that section when it "denied Plaintiffs the opportunity to receive a meaningful loan modification, by using inconsistent and arbitrary income figures in its calculations." FAC ¶ 39(a). In response, Defendant argues that this section merely sets forth some legislative purpose behind the Homeowner's Bill of Rights (HBOR), and does not itself create a private right of action. *See* Mot. at 4. Defendant highlights the last line of section 2923.4(a) in arguing that this section fails to impose any specific legal obligation.

2

The Court agrees. This section does not provide an independent basis for asserting a violation of HBOR. *See Crane v. Wells Fargo*, No. CV 13-01932 KAW, 2014 WL 1285177, at *3 (N.D. Cal. Mar. 24, 2014) (finding that "§ 2923.4 does not provide a specific right or impose a specific obligation, but merely states the general purpose of [H]BOR"); *accord McKinley v. CitiMortgage, Inc.*, No. 213CV01057TLNCKD, 2016 WL 3277254, at *5 (E.D. Cal. June 14, 2016). Section 2924.12, which provides injunctive relief and damages under HBOR, does not list section 2923.4 as providing a basis for relief. *See* Mot. at 4; *McKinley*, 2016 WL 3277254, at *5 (dismissing a section 2923.4 claim on that basis). Furthermore, section 2923.4 expressly disclaims that it requires any "particular result" from a review of a loan modification application. Plaintiffs fail to counter these arguments as set forth by Defendant. *See* Opp. at 10. Plaintiffs therefore fail to state a claim for wrongful foreclosure under section 2923.4.

Defendant also seeks to dismiss Plaintiffs' wrongful foreclosure claim premised on Civ. Code Section 2923.6. Plaintiffs assert four violations of HBOR under that section based on allegations that Defendant: (1) failed to provide specific reasons for denying Plaintiffs' loan modification applications, and failed to supply information that Defendant used in conducting its net present value test, FAC ¶ 39(c), ¶ 39(g); (2) engaged in "dual tracking" by initiating a foreclosure sale while Plaintiffs were conducting a short sale through a realtor, FAC ¶ 39(d); (3) negligently reviewed Plaintiffs' loan modification applications, FAC ¶ 39(e);[2] and (4) made "inconsistent[] and capricious[]" statements to Plaintiffs regarding their income, and relied on this inaccurate information in denying Plaintiffs' loan modification applications, FAC ¶ 39(f).

Plaintiffs' first alleged violation of section 2923.6 does not state a claim upon which relief can be granted. The FAC admits that Defendant gave Plaintiffs information about the income figures and property values used by Defendant in reviewing Plaintiffs' loan modification applications. *See, e.g.*, FAC ¶ 35 ("WFB sent Plaintiffs an Exterior-Only Inspection Residential Appraisal Report stating that Plaintiffs' home was worth $958,000.00."), ¶¶ 38(q)–(r) (describing income information allegedly used by Defendant). Section 2923.6(f)(3) does not require more in

---

[2] The Court addresses Plaintiffs' negligent review allegations in Part II.B of this order.

the absence of a written request from Plaintiffs:

> (f) Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including . . .
> (3) If the denial is the result of a net present value calculation, the monthly gross income and property value used to calculate the net present value and a statement that the borrower may obtain all of the inputs used in the net present value calculation upon written request to the mortgage servicer.

Plaintiffs do not specifically allege that they made any such request to Defendant, nor do they respond to the aforementioned arguments as set forth in Defendant's motion. *See* FAC ¶¶ 38(a)–(dd); Opp. at 11–12; Reply at 2. Plaintiffs fail to cite any other statutory subsection that would provide a legal basis for this alleged violation.

Plaintiffs' fourth alleged violation similarly fails. Defendant argues that its denials of Plaintiffs' loan modification applications complied with the relevant statutory section, section 2923.6(g). *See* Mot. at 6. Section 2923.6(g) provides:

> [T]he mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification prior to January 1, 2013, or who have been evaluated or afforded a fair opportunity to be evaluated consistent with the requirements of this section, *unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application* and that change is documented by the borrower and submitted to the mortgage servicer.

(emphasis added). Defendant contends that it submitted accurate income information to Plaintiffs in March and August 2016, when it denied their corresponding loan modification applications. *See* Mot. at 6; FAC ¶ 38(b), ¶ 38(e). Defendant claims that it then denied Plaintiffs' September and October 2016 loan modification applications after finding that Plaintiffs "failed to document a material change in financial circumstances." Mot. at 6, *see* FAC ¶¶ 38(n)–(u). Plaintiffs do not respond in their opposition, and the FAC supports Defendant's characterization of its October 2016 denials. *See* FAC ¶ 38(s) ("Denial from WFB claiming there has not been a sufficient enough change in circumstances (10/3/2016)"), ¶ 38(t) (stating the same for 10/6/2016), ¶ 38(u) (stating the same for 10/11/2016). Nothing in the FAC regarding Defendant's September 2016 denials contravenes Defendant's claim. *See id.* ¶¶ 38(n)–(r). To the extent that these denials were

4

based on Defendant's allegedly incorrect income calculation, section 2923.6 does not require a loan servicer to provide objectively "correct" income information. *See Mabry v. Superior Court*, 110 Cal. Rptr. 3d 201, 211 (Ct. App. 2010) (finding that section 2923.6 "does *not* operate substantively," but instead "merely expresses the *hope* that lenders will offer loan modifications on certain terms") (emphasis in original).

Plaintiffs' second alleged violation for dual tracking likewise fails. The FAC's dual tracking allegation reads: "The foreclosure sale was illegal due to dual tracking because it occurred when Plaintiffs were in the process of conducting a short sale through a realtor, which was one of the foreclosure alternative options offered to Plaintiffs by WFB." FAC ¶ 39(d). Defendant stresses that this allegation is "meaningless" in the context of the statute, which at no point recognizes a "short-sale" as a "first lien loan modification application." Mot. at 8–9. The relevant section, section 2923.6(c), provides:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending.

Defendant contends that it complied with that section by denying Plaintiffs' final loan modification on November 4, 2016, which was prior to (1) the recording of the notice of default on November 10, 2016; (2) the recording of the Notice of Trustee's Sale on June 12, 2017; and (3) the occurrence of the foreclosure sale on July 12, 2017. *See* Mot. at 8–9; FAC ¶ 38(cc); Dkt. No. 22, Exs. G, H, I.[3] In response, Plaintiffs merely restate the FAC's dual tracking allegations. Opp. at 10–11; *see, e.g.*, FAC ¶ 39(d), ¶ 39(j), ¶¶ 43(e)–(f). These conclusory allegations do not plausibly state a claim for relief.

Plaintiffs set forth section 2923.7 as the third and final basis for their wrongful foreclosure claim. Plaintiffs allege that Defendant violated that section by failing to assign a Single Point of

---

[3] The Court **GRANTS** Defendant's request for judicial notice with respect to these documents. These documents are part of the public record, and are "not subject to reasonable dispute." *See* Dkt. No. 22 at 2; *Mir. v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988).

Contact ("SPOC") to communicate with Plaintiffs regarding their loan modification application. *See* FAC ¶¶ 39(h)–(i). Section 2923.7(a) requires that:

> (a) Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact.

Defendant argues that Plaintiffs' SPOC allegation fails for two reasons: first, because Plaintiffs did not specifically request a SPOC; and second, because the individuals that communicated with Plaintiffs were on the same team, and therefore comprised a SPOC. *See* Mot. at 9–10; Civ. Code § 2923.7(e) (defining a SPOC as "an individual or team of personnel"). Plaintiffs do not respond to either of these arguments in their opposition. *See* Opp. at 12–13; Reply at 2. The FAC itself does not address either claim. *See* FAC ¶¶ 39(h)–(i). The Court consequently concludes that Plaintiffs fail to state a claim for wrongful foreclosure under section 2923.7.

### B. Claim 2: Negligent Review of Application for Loan Modification

Defendant moves to dismiss Plaintiffs' second cause of action for negligent review of application for loan modification. Defendant argues that (1) it did not owe a duty of care to Plaintiffs; and (2) it did not breach that duty even if a duty was owed. *See* Mot. at 10–15. Plaintiffs argue that Defendant owed a general duty to "act with reasonable care in their transactions." Opp. at 18–19. As to Defendant's breach, Plaintiffs rely on allegations identical to those underlying their wrongful foreclosure claim. *See* FAC ¶¶ 49–69.

In California, the requirements for a claim of negligence are "(1) facts showing a duty of care in the defendant, (2) negligence constituting a breach of the duty, and (3) injury to the plaintiff as a proximate result." *Peter W. v. San Francisco Unified Sch. Dist.*, 131 Cal. Rptr. 854, 857 (Ct. App. 1976). Generally, in a lender-borrower relationship, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Ct. App. 1991). However, in *Alvarez v. BAC Home Loans Servicing*, the California Court of Appeal found that lenders owe borrowers a "duty to exercise

reasonable care in the review of their loan modification applications once they had agreed to consider them." 176 Cal. Rptr. 3d 304, 306 (Ct. App. 2014). In reaching this conclusion, the court noted that the transaction at issue was clearly intended to affect the plaintiff, harm from mishandling the application was foreseeable, and that allegations of dual tracking and the unequal positions of lender and borrower made the conduct morally blameworthy. *Id.* at 309–12.

The Ninth Circuit, however, recently limited *Alvarez*'s reach. *See Anderson v. Deutsche Bank Nat. Trust Co. Americas*, No. 14–55822, 2016 WL 2343248, at *1 (9th Cir. May 4, 2016).[4] In *Anderson*, the Ninth Circuit held that lenders do not owe borrowers a duty of care to process a loan modification application within a particular timeframe. *See id.* While Plaintiffs premise their negligence claim primarily on Defendant's alleged provision of inconsistent information, *Anderson*'s reasoning applies equally here. As in *Anderson*, any harm to Plaintiffs is not "primarily attributable" to Defendant's processing of Plaintiffs' loan modification application. *Id.* "Rather, when 'the modification was necessarily due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, is not ... closely connected to the lender's conduct.'" *Id.* (quoting *Lueras v. BAC Home Loans Servicing, LP,* 163 Cal. Rptr. 3d 804, 820 (Ct. App. 2013) (alterations omitted)). And where, as here, "the lender did not place the borrower in a position creating a need for a loan modification, no moral blame attaches to the lender's conduct." *Id.* (quotations omitted).

But even if Defendant did owe Plaintiffs a duty of care, Plaintiffs have not plausibly alleged that Defendant breached that duty. Plaintiffs' allegations of breach rely on the same facts underlying Plaintiffs' wrongful foreclosure claim. *See* FAC ¶¶ 49–69; Opp. at 14–19. As previously explained, these allegations either do not show a basis for liability or are entirely conclusory. Plaintiffs do not explain why the Court should analyze these claims differently under this cause of action. The Court therefore dismisses Plaintiffs' negligence claim.

### C. Claim 3: Violation of Business & Professions Code § 17200

Finally, Defendant moves to dismiss Plaintiffs' third cause of action under California's

---

[4] As an unpublished Ninth Circuit decision, *Anderson* is not precedent, but can be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3.

7

Business and Professions Code § 17200. There is no dispute that this claim is derivative of Plaintiffs' other claims. *See* FAC ¶¶ 70–74; *Ingels v. Westwood One Broad. Servs., Inc.*, 28 Cal. Rptr. 3d 933, 938 (Ct. App. 2005) ("A defendant cannot be liable under § 17200 for committing unlawful business practices without having violated another law.") (quotation omitted). Because Plaintiffs' two other claims do not plausibly entitle them to relief, the Court also dismisses this claim.

### III. LEAVE TO AMEND

Even where dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation and citation omitted). Since it is possible that the flaws in the FAC can be cured by the allegation of other facts, the Court grants Plaintiff leave to amend. *See id.* Any second amended complaint must clearly and concisely state the basis for all claims alleged.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. Any second amended complaint must be filed within 28 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 12/21/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

8