UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PETERSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.,<br><br>　　　　　Defendant. | Case No. 17-cv-05137-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 36 |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion to dismiss Michael and Toni Peterson's (collectively, "Plaintiffs") second amended complaint. Dkt. No. 36 ("Mot."); *see also* Dkt. No. 35 ("SAC"). Defendant filed its motion on February 1, 2018. On February 15, 2018, Plaintiffs filed an opposition. Dkt. No. 40 ("Opp."). Defendant replied on February 22, 2018. Dkt. No. 43 ("Reply"). The Court took the motion under submission on April 24, 2018. *See* Civ. L.R. 7-1(b). After carefully considering the parties' arguments, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion.

**I.　LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a

plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## II. DISCUSSION

Defendant moves to dismiss all three claims asserted in the SAC, including Plaintiffs' first claim for wrongful foreclosure under Cal. Civ. Code § 2923.6; second claim for negligent review of application for loan modification; and third claim for a violation of California Business & Professions Code § 17200.

### A. Claim One for Wrongful Foreclosure

At the outset, the Court notes that Plaintiffs tapered their wrongful foreclosure claim by removing allegations previously found inadequate under Rule 12(b)(6). *See* Dkt. No. 34 ("Dismissal Order").[1] In addition, Plaintiffs incorporated several new details regarding Defendant's alleged violation of Section 2923.6(g) for wrongfully foreclosing on Plaintiffs' property. *See* SAC ¶¶ 35e, 35u–z. That section states, in relevant part:

> [T]he mortgage servicer shall not be obligated to evaluate applications from borrowers who have already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification . . . unless there has been a material change in the borrower financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer.

---

[1] The Court detailed the factual background in its Dismissal Order, and incorporates those unchanged facts and the legal analysis from the Dismissal Order here. In this order, the Court only discusses the facts and legal standards as necessary to address the new issues raised in the SAC and the renewed motion to dismiss. Also in its Dismissal Order, the Court granted Defendant's request for judicial notice of publicly available documents not subject to reasonable dispute. *See* Dismissal Order at 5 n.3; Dkt. No. 22. Defendant again requests that the Court take judicial notice of these documents. *See* Dkt. No. 37. The Court does not rely on these documents for this order, and therefore **DENIES AS MOOT** Defendant's renewed request.

2

The SAC's new allegations pertain to Plaintiffs' documentation of a material change in their financial circumstances, triggering Defendant's additional obligations under the statute. Specifically, Plaintiffs assert that Defendant incorrectly characterized Plaintiffs' September 6, 2016 loan modification application as an appeal, "instead of the new loan modification application that [Wells Fargo] had asked to be submitted by September 9, 2016." *Id.* ¶¶ 35x, 35u, 35z. According to Plaintiffs, that new loan modification package "extensively document[ed] their household income and the material change in their circumstances, because their business income had increased." SAC ¶ 35u. Though Defendant suggests that Plaintiffs' income statements were too variable to be believed, Mot. at 7–8, Plaintiffs attribute the fluctuations in their income to Plaintiffs' Chapter 13 bankruptcy action, Social Security payments, and contributions from new entrants to Plaintiffs' household. *See* SAC ¶¶ 27–34; Opp. at 14–15. Construing these allegations in the light most favorable to Plaintiffs, it is plausible that Plaintiffs submitted documentation of a material change in their financial circumstances such that Defendant did not fulfill its corresponding obligation to properly review Plaintiffs' September 2016 loan applications. *See* Opp. at 15; *McLaughlin v. Aurora Loan Servs., LLC*, No. SACV 13-01653 JVS, 2014 WL 1705832, at *6 (C.D. Cal. Apr. 28, 2014) (denying the defendant's dismissal motion in part because the plaintiff alleged that she "submitted evidence of her changed circumstances"); *cf. Cordero v. U.S. Bank, N.A.*, No. 14CV1709-MMA BLM, 2014 WL 4658757, at *6 (S.D. Cal. Sept. 17, 2014) (dismissing the plaintiff's Section 2923.6(g) claim for failure "to indicate whether his change in income was documented and submitted to the mortgage servicer as required for borrowers denied a first lien loan modification").

So too with respect to Plaintiffs' claim for a violation of Section 2923.6(f), insofar as Plaintiffs allege that Defendant failed to send them statutorily-required information regarding the denial of their loan modification application. *See* SAC ¶¶ 36a, 36e. Section 2923.6(f) provides, in relevant part:

> Following the denial of a first lien loan modification application, the mortgage servicer shall send a written notice to the borrower identifying the reasons for denial, including the following. . .
> (3) If the denial is the result of a net present value calculation, the monthly gross income and property value used to calculate the net present value and a statement that the borrower may obtain all of the

3

inputs used in the net present value calculation upon written request to the mortgage servicer.

In its Dismissal Order, the Court noted Plaintiffs' failure to allege that they made a written request to Defendant regarding the denial of their first lien loan modification application, entitling them to "all the inputs used in the net present value calculation." Dismissal Order at 4. The SAC, in contrast, incorporates allegations regarding Plaintiffs' requests to Defendant, and Defendant's purported failure to provide Plaintiffs with all of the inputs used in calculating the net present value. *See* SAC ¶¶ 35y, 35nn; Opp. at 13–14. Plaintiffs assert, for example, that they requested Defendant's "Underwriter calculations" in September 2016, and that Defendant failed to respond to Plaintiffs' requests for information. *See id.* Based on these allegations, Plaintiffs' Section 2923.6 claim based on insufficient information may proceed at this stage.

To the extent that Plaintiffs assert a violation of Section 2923.6(f) based on Defendant's alleged negligent review and improper processing of Plaintiffs' applications, SAC ¶¶ 36c–d, that claim fails for the reasons set forth in the Dismissal Order—namely, that Section 2923.6(f) does not guarantee that lenders will offer loan modifications on certain terms. *See Mabry v. Superior Court*, 110 Cal. Rptr. 3d 201, 211 (Ct. App. 2010) (finding that Section 2923.6 does "*not* operate substantively on lenders") (emphasis in original); *cf. Weber v. PNC Bank, N.A.*, No. 2:13-CV-00298-TLN, 2015 WL 269473, at *5 (E.D. Cal. Jan. 21, 2015) ("Although section 2923.6 does not require lenders to modify loans, it does require lenders to consider applications and provide an explanation as to the reasons for denial."). Plaintiffs fail to provide any case law or statutory authority to support that Defendant's inaccurate calculation of Plaintiffs' income can form a basis for Plaintiffs' Section 2923.6(f) claim. *See* Opp. at 13; Reply at 3. As currently pled, these allegations relate instead to whether Defendant negligently reviewed Plaintiffs' application for loan modification. The Court turns now to that inquiry.

**B.    Claim Two for Negligent Review of Application for Loan Modification**

The Court previously held that Plaintiffs failed to state a claim for negligent review of application for loan modification. Dismissal Order at 6–7. In doing so, the Court emphasized Plaintiffs' failure to allege facts showing a duty of care in the Defendant. *See id.* The Court read the Ninth Circuit's decision in *Anderson v. Deutsche Bank Nat. Trust Co. Americas* as supporting

4

dismissal of Plaintiffs' negligent review claim, which is premised on Defendant's alleged provision of inconsistent and inaccurate income information. *See id.* at 7; 649 F. App'x 550, 552 (9th Cir. 2016).[2] As the Dismissal Order set forth, the FAC failed to allege that Defendant owed a duty of care either because Defendant's "involvement in the loan transaction. . . exceed[ed] the scope of its conventional role as a mere lender of money," or because Defendant otherwise "place[d]" Plaintiffs in a position that created a need for their loan modification application. *Anderson*, 649 F. App'x at 552.

Plaintiffs do not add allegations to the SAC that alter the Court's prior conclusion. Plaintiffs' claim for negligent review still turns on Defendant's alleged arbitrary and inaccurate appraisal of Plaintiffs' loan modification application. *See* SAC ¶¶ 53–57. Plaintiffs also fail to cite any intervening authority that would merit a different result. *See* Opp. at 15–19. Furthermore, recent persuasive authority supports the Court's prior reasoning. *See Badame v. J.P. Morgan Chase Bank, N.A.*, 641 F. App'x 707, 709–10 (9th Cir. 2016) ("Chase did not owe Plaintiffs a duty of care when considering their loan modification application because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.'" (quoting *Lueras v. BAC Home Loans Servicing, LP,* 163 Cal. Rptr. 3d 804, 820 (Ct. App. 2013))); *Deschaine v. IndyMac Mortg. Servs.*, 617 F. App'x 690, 693 (9th Cir. 2015) ("IndyMac owed no duty of care to Deschaine when considering his request for a loan modification, because 'a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money.' (quoting *Lueras*, 163 Cal. Rptr. 3d at 820)); *Forster v. Wells Fargo Bank, N.A.*, No. 17-CV-05120-BLF, 2018 WL 509967, at *3–4 (N.D. Cal. Jan. 23, 2018) (following the *Lueras* line of California cases, and concluding that "the California Supreme Court most likely would find that a mortgage servicer does not owe a borrower a duty of care in processing an application for a residential loan modification"). Given Plaintiffs' repeated failures to state a cognizable claim for

---

[2] As an unpublished Ninth Circuit decision, *Anderson* is not precedent, but can be considered for its persuasive value. *See* Fed. R. App. P. 32.1; CTA9 Rule 36-3. So too with the other unpublished Ninth Circuit decisions cited in this section.

5

negligent review of their loan modification application, the Court dismisses this claim without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.") (quotations and alteration omitted).

### C. Claim Three for Violation of California Business & Professions Code § 17200

The parties agree that Plaintiffs' third claim for a violation of Cal. Bus. & Prof. Code § 17200 is derivative of Plaintiffs' other claims. *See* Mot. at 11; Opp. at 20. Because Plaintiffs' wrongful foreclosure claim advances at this stage, Plaintiffs' Section 17200 claim also survives Defendant's dismissal motion.

### III. CONCLUSION

For these reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiffs' second claim for negligent review of loan modification application, **DENIES** Defendant's motion to dismiss Plaintiffs' first claim for wrongful foreclosure as set forth in Section II(A), and **DENIES** Defendant's motion to dismiss Plaintiffs' third claim under Cal. Bus. & Prof. Code § 17200. The Court **SETS** a Case Management Conference ("CMC") for Tuesday, May 8, 2018 at 2:00 p.m. The Court **DIRECTS** the parties to file a joint CMC Statement by Tuesday, May 1, 2018.

**IT IS SO ORDERED.**

Dated: 4/25/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge